PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v*. ANTONIO GONZÁLEZ, Defendant and Appellant.

No. 2825. Argued December 3, 1926.—Decided May 31, 1927.

*José A. Vargas* for the appellant.  *José E. Figueras* for the appellee.

Mr. Justice Wolf delivered the opinion of the court.

The court below denied a motion for a new trial. So far as the supposed newly discovered evidence was concerned, there was so little proper showing by the appellant that the motion need not be seriously considered. If the fears of particular witnesses prevented the discovery of such witnesses before the trial, the fact of this state of mind on the part of the witnesses should be made to appear clearly and to be measured by the judge. Where the motion for a new trial is in regard to the weighing of the evidence the discussion in this court must convince us and not be silent as to

why some witnesses rather than others were to be believed.

Exclusion of witnesses from the trial room is a matter of discretion in the court and the appellant must convince us to the contrary, not by general considerations but by showing that an abuse arose and that some injustice was committed.

We have had occasion recently in several cases to point out what the government should do when surprised by the testimony of a witness. *People* v. *González, ante,* page 222; *People* v. *Plata, ante,* page 530. Here a clear surprise arose when the prosecuting witness denied having any knowledge who the person was who actually shot him with a revolver. The previous declarations of the witnesses were read to the jury, and the appellant makes no real complaint that no proper foundation was laid for their introduction. What the appellant complains of was that the witness was coerced into making the statements that he finally made, and that his attorney was not given ample opportunity to make objections. From the attitude and manner of the witness the court could determine whether the witness was trying to evade answering or not. The judge was not wrong in insisting that the witness should answer and the court did not prevent counsel from making objections. The action of the witness in admitting the truth of his former statements was accomplished without undue coercion.

Appellant complains that the court failed to instruct the jury properly with regard to reasonable doubt. No exception was taken, and perhaps if the whole instructions had been fairly clear we should not have heeded this assignment of error. The court was mistaken in saying "that every man is presumed to be innocent, but this presumption of innocence does not mean that a man is to be considered innocent of the crime of which he is accused." This is a plain contradiction of terms. What perhaps the court meant to say was that the presumption of innocence did not persist in the face of evidence beyond a reasonable doubt or that

the presumption of innocence could be rebutted, but the words as uttered were misleading.

However, even more erroneous were the court's remarks in regard to the preponderance of the evidence. In a criminal trial there is no room to speak of the preponderance of the evidence. Such a statement belongs to a civil trial. In a criminal trial the defendant must be convicted on evidence beyond a reasonable doubt. The court finally did say something to this effect, but a reference to a preponderance of the evidence was erroneous, misleading and prejudicial. It is evident that a reasonable doubt may still arise even though there is a preponderance of the evidence in favor of the government.

The court also told the jury that the evidence of the *fiscal* was "clear, short and related to the fact and point in question." The whole of the instructions, however, convince us that the court was not telling the jury that the witnesses of the government should be believed, but merely drawing attention to the fact that the testimony offered was direct, succinct and in small compass.

Where the evidence, as here, tends to show an assault with intent to commit manslaughter the appellant does not convince us by citations of authorities or otherwise that the court is bound to give the jury instructions in regard to an aggravated assault and battery.

For the errors in instructing about reasonable doubt and the preponderance of the evidence the judgment must be reversed and a new trial ordered.